FILED

SEP 16 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| JORGE LOPEZ-QUEZADA, ) | SUPPRESSED |
| YALITZA E. CALDERON-OLIVAS, ) | |
| BENIGNO MONTENEGRO, ) | **4:20CR544 SEP/NAB** |
| LEE P. GARTH SR., ) | |
| TERESA SMITH, ) | |
| CASSIDY GARTH, ) | |
| FAITH FITZPATRICK, ) | |
| LEE P. GARTH JR., ) | |
| TYDARRYL GRIFFIN, ) | |
| WILLIE GRIFFIN, ) | |
| JERMAINE J. JOHNSON, ) | |
| DEVAUGHN M. LEE, ) | |
| RON D. HILL, ) | |
| JVONTA JOHNSON, ) | |
| BARNARD REED, ) | |
| KEYSHIA S. HARRIS, ) | |
| CAMIRAN MCQUEEN, ) | |
| TORRY L. MILLER, ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

The Grand Jury charges that:

## COUNT I

Beginning at an exact time unknown to the Grand Jury, but including between May 1, 2019 through August 18, 2020, and continuing up to and through the date of this indictment within the Eastern District of Missouri, the Southern District of Illinois, the Western District of Missouri, the District of Kansas, and elsewhere, the defendants,

JORGE LOPEZ-QUEZADA,
YALITZA E. CALDERON-OLIVAS,
BENIGNO MONTENEGRO,
LEE P. GARTH SR.,
TERESA SMITH,
CASSIDY GARTH,
FAITH FITZPATRICK,
LEE P. GARTH JR.,
TYDARRYL GRIFFIN,
WILLIE GRIFFIN,
JERMAINE J. JOHNSON,
DEVAUGHN M. LEE,
RON D. HILL,
JVONTA JOHNSON,
BARNARD REED,
KEYSHIA S. HARRIS,
CAMIRAN MCQUEEN, and
TORRY L. MILLER,

did knowingly and intentionally conspire, combine, confederate and agree with each other and other persons both known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to knowingly and intentionally distribute and possess with intent to distribute, fentanyl, fentanyl analogues, heroin, actual methamphetamine, and cocaine, scheduled controlled substances, in violation of Title 21, United States Code, Section 841(a)(1),

All in violation of Title 21, United States Code, Section 846; and

Quantity of Fentanyl, Fentanyl Analogues, Heroin, Actual Methamphetamine, and Cocaine,
Involved in the Conspiracy

1. With respect to **JORGE LOPEZ-QUEZADA**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 400 grams or more of fentanyl, 100 grams or more of fentanyl analogues, and 1 kilogram or more of heroin, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A);

2. With respect to **YALITZA E. CALDERON-OLIVAS**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her is 400 grams or more of fentanyl, 100 grams or more of fentanyl analogues, and 1 kilogram or more of heroin, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A);

3. With respect to **BENIGNO MONTENEGRO**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 400 grams or more of fentanyl and 50 grams or more of actual methamphetamine, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A);

4. With respect to **LEE P. GARTH SR.**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 400 grams or more of fentanyl, 100 grams or more of fentanyl analogues, 1 kilogram or more of heroin, 50 grams or more of actual methamphetamine, and 5 kilograms or more of cocaine, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A);

5. With respect to **TERESA SMITH**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her is 400 grams or more of fentanyl, 100 grams or more of fentanyl analogues, 1 kilogram or more of heroin, and 50 grams or more of actual methamphetamine, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A);

6. With respect to **CASSIDY GARTH**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably

foreseeable to her is 400 grams or more of fentanyl, 100 grams or more of fentanyl analogues, 1 kilogram or more of heroin, and 50 grams or more of actual methamphetamine, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A);

7. With respect to **FAITH FITZPATRICK**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her is 400 grams or more of fentanyl, 100 grams or more of fentanyl analogues, 1 kilogram or more of heroin, and 50 grams or more of actual methamphetamine, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A);

8. With respect to **LEE P. GARTH JR.**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of cocaine, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B);

9. With respect to **TYDARRYL GRIFFIN**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 400 grams or more of fentanyl, 100 grams or more of fentanyl analogues, and 1 kilogram or more of heroin, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A);

10. With respect to **WILLIE GRIFFIN**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 400 grams or more of fentanyl, 100 grams or more of fentanyl analogues, 1 kilogram or more of heroin, and 50 grams or more of actual methamphetamine, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A);

11. With respect to **JERMAINE J. JOHNSON**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 40 grams or more of fentanyl, 10 grams or more of fentanyl analogues, and 100 grams or more of heroin, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B);

12. With respect to **DEVAUGHN M. LEE**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 40 grams or more of fentanyl, 10 grams or more of fentanyl analogues, and 100 grams or more of heroin, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B);

13. With respect to **RON D. HILL**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 40 grams or more of fentanyl, 10 grams or more of fentanyl analogues, and 100 grams or more of heroin, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B);

14. With respect to **JVONTA JOHNSON**, the offense is punishable under Title 21, United States Code, Section 841(b)(1)(C);

15. With respect to **BARNARD REED**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 40 grams or more of fentanyl, 10 grams or more of fentanyl analogues, and 100 grams or more of heroin, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B);

16. With respect to **KEYSHIA S. HARRIS**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her is 40 grams or more of fentanyl, 10 grams or more of fentanyl analogues, and 100 grams or more of heroin, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B);

17. With respect to **CAMIRAN MCQUEEN**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 40 grams or more of fentanyl, 10 grams or more of fentanyl analogues, and 100 grams or more of heroin, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B); and

18. With respect to **TORRY L. MILLER,** the offense is punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT II

The Grand Jury further charges that:

On or about December 2, 2019, in the St. Louis County, State of Missouri, within the Eastern District of Missouri, the defendant,

**JVONTA JOHNSON,**

did knowingly possess and brandish one or more firearms in furtherance of the drug trafficking crime charged in Count One herein, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2, and punishable under Title 18, Sections 924(c)(1)(A)(i.) and (ii).

## COUNT III

The Grand Jury further charges that:

On or about January 16, 2020, in East St. Louis, State of Illinois, within the Southern District of Illinois, and the Eastern District of Missouri, the defendant,

**LEE GARTH JR.,**

did knowingly possess one or more firearms in furtherance of the drug trafficking crime charged in Count One committed and charged herein in the Eastern District of Missouri, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT IV

The Grand Jury further charges that:

On or about June 16, 2020, in Jackson County, State of Missouri, within the Western District of Missouri, and the Eastern District of Missouri, the defendant,

**LEE GARTH SR.,**

did knowingly possess one or more firearms in furtherance of the drug trafficking crime charged in Count One committed and charged herein in the Eastern District of Missouri, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT V

The Grand Jury further charges that:

On or about August 18, 2020, in the City of St. Louis, State of Missouri, within the Eastern District of Missouri, the defendant,

**CAMIRAN MCQUEEN,**

did knowingly possess one or more firearms in furtherance of the drug trafficking crime charged in Count One herein, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT VI

The Grand Jury further charges that:

On or about August 18, 2020, in the City of St. Louis, State of Missouri, within the Eastern District of Missouri, the defendant,

**TYDARRYL GRIFFIN,**

did knowingly possess ammunition, knowing he had previously been convicted in a court of law of one or more felony crimes punishable by a term of imprisonment exceeding one year, and the ammunition previously traveled in interstate or foreign commerce during or prior to being in defendant's possession, in violation of Title 18, United States Code, Section 922(g)(1).

### **FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as set forth in Count I of this indictment, the defendants, **JORGE LOPEZ-QUEZADA, YALITZA E. CALDERON-OLIVAS, BENIGNO MONTENEGRO, LEE P. GARTH SR., TERESA SMITH, CASSIDY GARTH, FAITH FITZPATRICK, LEE P. GARTH JR., TYDARRYL GRIFFIN, WILLIE GRIFFIN, JERMAINE J. JOHNSON, DEVAUGHN M. LEE, RON D. HILL, JVONTA JOHNSON, BARNARD REED, KEYSHIA S. HARRIS, CAMIRAN MCQUEEN,** and **TORRY L. MILLER** shall forfeit to the United States of America any property, constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation/s and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violations.

2. Subject to forfeiture upon a conviction of Count I is a sum of money equal to the total property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such violations.

3. The specific property subject to forfeiture includes, but is not limited to, the following:

a. Forty-nine thousand two-hundred forty-three dollars ($49,243.00) in United States Currency located during a traffic stop and seized by law enforcement from **LEE GARTH SR.** and **TERESA SMITH** in St. Charles, Missouri on December 15, 2019.

b. A Taurus .38 special revolver located during a traffic stop and seized by law enforcement from **LEE GARTH SR.** and **TERESA SMITH** in St. Charles, Missouri on December 15, 2019.

c. A Glock 10mm semi-automatic pistol and a Smith & Wesson .40 caliber semi-automatic pistol located and seized by law enforcement from one of **LEE GARTH JR.'s** residences, 2941 Summit, East St. Louis, Illinois, on January 16, 2020.

d. Ninety-one thousand two-hundred thirty-nine ($91,239.00) in United States Currency located and seized by law enforcement from one **LEE GARTH SR.'s** and **TERESA SMITH's** residences at Woodsprings Suites, 8805 Leeds, Kansas City, Missouri, on June 16, 2020.

e. A Taurus G2C 9mm semi-automatic pistol, a Glock 43 9mm semi-automatic pistol, a Glock .40 caliber semi-automatic pistol, and a Ruger .38 special revolver located and seized by law enforcement from one **LEE GARTH SR.'s** and **TERESA SMITH's** residences, Woodsprings Suites, 8805 Leeds, Kansas City, Missouri, on June 16, 2020.

f. Fourteen thousand eighty-nine dollars ($14,089.00) in United States Currency located and seized by law enforcement from one of **TYDARRL GRIFFIN's** residence, 3212 Harper Street, St. Louis, Missouri, on August 18, 2020.

g. A Taurus PT111 G2 9mm semi-automatic pistol and magazines, 9mm ammunition, 5.7x28mm ammunition, and FN FiveseveN magazines located and seized by law

enforcement from one of **TYDARRL GRIFFIN's** residence, 3212 Harper Street, St. Louis, Missouri, on August 18, 2020.

  h. Two-thousand nine-hundred eighty dollars ($2,980.00) located and seized by law enforcement from one of **CAMIRAN MCQUEEN's** and **TORRY L. MILLER's** residences, 1521 East Gano, St. Louis, Missouri on August 18, 2020.

  j. A Smith & Wesson M&P 2.0 .380 semiautomatic pistol, a Smith & Wesson M&P .357 Sig semi-automatic pistol, and a Springfield XDS .45 ACP a semi-automatic pistol, and a Ruger SR-1911 .45 ACP semi-automatic pistol located and seized by law enforcement from one of **CAMIRAN MCQUEEN's** and **TORRY L. MILLER's** residences, 1521 East Gano, St. Louis, Missouri, on August 18, 2020.

  4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____
JOHN R. MANTOVANI #50867MO
Assistant United States Attorney